■ MARILYN P. ZEITLAN, Appellant, v. HARRY ZEITLAN, Respondent, et al., Defendant.— In an action in which a judgment of the Supreme Court, Queens County, was entered October 10, 1967, *inter alia* adjudging the marriage between plaintiff and defendant void, upon defendant's counterclaim, but directing defendant to pay child support, and in which an amended judgment of the same court was thereafter entered April 8, 1969, after determination by this court of an appeal from the original judgment, *inter alia*, granting plaintiff alimony, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated August 16, 1973, as denied the branch of a motion by her which was to punish defendant for contempt for failure to pay alimony and child support as directed in said judgments, which had accumulated to a total of $6,400. Order reversed insofar as appealed from, with $20 costs

and disbursements, the branch of plaintiff's motion which was to punish defendant for contempt is granted; defendant is sentenced to 30 days in jail unless he purge himself of the contempt within 10 days after service of the order to be made hereon with notice of entry; and said motion is remitted to Special Term for further proceedings not inconsistent herewith. The record on this appeal indicates that defendant has no assets within the State subject to sequestration. His defaults in paying alimony and child support were not adequately justified and he failed to present any convincing evidence that he had made a reasonable and fair effort to make the payments. His conduct, therefore, can only be said to have been willful. Accordingly, we find that defendant's conduct was calculated and prejudicial to plaintiff. Furthermore, plaintiff's alleged delay in making her motion was not prejudicial to defendant. He could have used the time thus allowed to meet his obligations to plaintiff under the statute (Domestic Relations Law, § 236) and to the daughter whom he adopted. Gulotta, P. J., Hopkins, Latham and Brennan, JJ., concur.