ANN R. WOLFE, Appellant, v HARVEY I. WOLFE, Respondent.—In a proceeding, *inter alia,* for an order directing the entry of a money judgment for arrears which have accrued pursuant to a Florida judgment of divorce (see Domestic Relations Law, § 244), plaintiff appeals from (1) an order of the Supreme Court, Nassau County, entered April 26, 1976, which, *inter alia,* denied her application and (2) a further order of the same court, dated June 24, 1976, as amended on July 13, 1976, which denied her motion to renew based upon newly discovered evidence (see CPLR 5015). Order entered April 26, 1976 reversed, on the law, and plaintiff's application granted to the extent of permitting her to enter a judgment for arrears, without prejudice to an application at Special Term for counsel fees. Appeal from the order dated June 24, 1976, as amended, dismissed as academic, in the light of the determination on the appeal from the order entered April 26, 1976. Plaintiff is awarded one bill of $50 costs and disbursements. The parties executed a separation agreement under which the defendant agreed to pay the plaintiff $150 weekly as alimony and $150 weekly for child support. Thereafter, the plaintiff moved to Florida, where she served the defendant in an action for a divorce in which she also sought a declaration that the separation agreement was a nullity. The defendant appeared and contested the action in Florida. A judgment of divorce was granted in favor of the plaintiff and awarded her $310 weekly as alimony and $150 weekly for child support. No adjudication was made in the judgment as to the validity of the separation agreement. The Florida judgment was thereafter modified so as to further increase the child support. The defendant made payments pursuant to the judgment for about two years, when he ceased making payments. The plaintiff moved in Florida to enter a judgment for arrears of alimony and the defendant defaulted on that motion. A judgment

was then entered for the arrears. The plaintiff now seeks to enforce the judgment in New York (see Domestic Relations Law, § 244; CPLR 5402, subd [b]). Special Term denied the plaintiff's application on the ground that New York need not give full faith and credit to the Florida judgment, since it is New York's public policy to recognize an existing separation agreement between spouses. Special Term accordingly limited recovery to the arrears which accrued under the separation agreement. Thereafter, the plaintiff petitioned the Florida court for findings of fact with respect to that part of her action for divorce which sought to declare the separation agreement a nullity. In response to the petition, the Florida court found that the plaintiff had successfully impeached the validity of the separation agreement by showing that she had been mentally and physically unable to give her consent to the separation agreement at the time that it was made. The plaintiff thereupon moved before Special Term to renew the application to enforce the judgment based upon this evidence, but her motion was denied. We deal first with the enforcement of the original Florida judgment. New York is bound to respect a valid sister State judgment under the "Full Faith and Credit" clause (US Const, art IV, § 1). As both the plaintiff and the defendant appeared and litigated the issues arising under the plaintiff's complaint in Florida, Florida was entitled to determine the issues. Even though, perhaps erroneously, the Florida court disregarded the terms of the separation agreement concerning alimony without passing on the validity of the agreement, the defendant did not appeal from the judgment. Indeed, as the record shows, he acquiesced in the judgment by paying the alimony fixed therein for two years. Having not appealed, he is bound by the judgment. We recognize that public policy in the most extreme case may forbid the enforcement of the judgment of a sister State. "If aid is to be withheld here, it must be because the cause of action in its nature offends our sense of justice or menaces the public welfare" (*Loucks v Standard Oil Co. of N. Y.*, 224 NY 99, 110). We see nothing in the Florida judgment which offends our sense of justice or menaces the public welfare. It is not clear whether the Florida court denied effect to the separation agreement through oversight or whether it intended to set aside the agreement and inadvertently failed to enter the adjudication in its judgment, or whether it designedly refused to follow the separation agreement. Whatever the reason, the Florida court had jurisdiction over the parties and the cause and its judgment should be enforced, even though New York might have entertained a different view of the matter (see *Parker v Hoefer*, 2 NY2d 612, 616). No question of the welfare of children arises here, and Florida law governed the rights of the parties (see *Matter of Hicks v Bridges*, 2 AD2d 335, 338-339). Considering secondly the question whether New York should recognize the subsequent proceeding in Florida wherein the court made findings that the separation agreement was a nullity, we are not disposed to decide that question on this record. The defendant has raised substantial issues as to the jurisdiction of the Florida court, both as to subject matter and as to the person of the defendant, and those issues should not be determined summarily. Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur. [86 Misc 2d 313.]