369 So.2d 81 (1979)
William SHAW, Appellant,
v.
Sandra SHAW, Appellee.
No. 78-970.
District Court of Appeal of Florida, Third District.
March 13, 1979.
Rehearing Denied April 16, 1979.
*82 Joe N. Unger, Forrest, Ruffner, Traum & Hagen, Miami, for appellant.
Albert George Siegel, Miami Beach, for appellee.
Before HAVERFIELD, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
This is a dispute over the custody of two boys aged six and nine years. The appellant is the father. The order appealed was entered after a reference of the custody issue to a general master. The general master found that (1) the father and his new wife were able to prove a more stable environment for the children than the mother, (2) the previously-agreed split custody had resulted in conditions detrimental to the children, (3) the mother had neglected the children, (4) it was in the best interests of the children that the father be awarded custody.[1] The mother filed exceptions to the report.
The exceptions to the general master's report were heard by the trial judge. These proceedings were not transcribed, but it is clear from two subsequent hearings which were transcribed that although no evidence was presented, the court had a "conference" with the appellant and appellee.
The trial judge entered a final judgment stating only that the mother's exceptions to the master's report were granted and that the court had "... reviewed the file, examined and considered the evidence, heard argument of counsel, reviewed the memoranda submitted ..." The recommendation of the general master that custody of the children be awarded to their father was rejected. The alternating custody arrangement was terminated and the mother was granted permanent custody and control of the children. This appeal is by the father from the judgment.
When a trial judge determines to refer a matter to a master, the trial judge gives up the opportunity to observe the witnesses. Therefore, he is not in the same position as a trial judge who hears a case. See Harmon v. Harmon, 40 So.2d 209 (Fla. 1949).
The findings of fact and recommendations of a master should be approved and adopted by the trial judge unless clearly erroneous or it appears that the master has misconceived the legal effect of the evidence. See Claughton v. Claughton, 347 So.2d 437 (Fla.3d DCA 1977), and cases cited therein. The trial judge failed to hold that any finding of the master was clearly erroneous or that the master had in any particular misconceived the legal effect of the evidence. Our examination of the record in the light of the briefs and oral argument fails to reveal any basis upon which the trial judge could have found the master's report at fault on either of these grounds.
*83 Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment in accordance with the findings and conclusions of the master.
Reversed and remanded.
NOTES
[1] The report of the general master reflected an investigation by child care authorities, four hearings, nine witnesses, including psychiatrists and school officials, for a total of 300 pages of testimony.