414 So.2d 1153 (1982)
Susan BLOOM, Appellant,
v.
Michael BLOOM, Appellee.
No. 81-1293.
District Court of Appeal of Florida, Third District.
June 8, 1982.
*1154 Hersh & Bernstein and Brian Hersh, Miami, for appellant.
Daniel Mones and Frank M. Marks, Miami, for appellee.
Before BARKDULL, HENDRY and JORGENSON, JJ.
HENDRY, Judge.
The wife appeals from an order granting the husband's exceptions to a general master's report finding him in substantial arrears in child support payments, and an order on motion for clarification and rehearing.
A separation agreement between the parties providing, inter alia, for child support payments, was incorporated into a final judgment of dissolution in New York in 1972. The judgment, requiring the husband to pay child support of $50 per week for each of the parties' two sons plus annual adjustments based on the Consumer Price *1155 Index (CPI), was domesticated in Florida in 1974. In 1980, the wife filed a motion for contempt to require the husband to pay arrearages, claiming that beginning in 1973 the husband had failed to make the increased adjustments under the CPI. Pursuant to referral by the circuit court, a general master submitted a report recommending that (1) New York law should govern the action, (2) the defenses of waiver, estoppel, laches, and the Florida statute of limitations were unavailable to the husband, (3) voluntary payments by the husband toward the children's expenses could not be set off against his support obligations, (4) the husband was in arrears on his annual adjustment on child support payments in the amount of $9,465.00 as of December 30, 1980, and (5) the wife was not entitled to pre-judgment interest on the arrearages. The master's report was initially adopted in its entirety by the circuit court, but after both parties filed exceptions to it and a hearing was held, the court vacated its earlier order.
The court's final order then ruled that the master's findings were erroneous with respect to denial of a setoff for voluntary contributions, but that in any event the wife was barred by equitable and legal considerations from claiming the arrearages sought by having accepted payments with knowledge of the shortage, thereby causing the husband to materially alter his position. The wife filed a motion for rehearing and clarification, pursuant to which the court amended its previous order to find the husband in arrears for $1,450 for cost of living increases in 1980 and ordering him to pay them for all future years. Both the court's order on the exceptions to the master's report and its order on the motion for clarification are appealed.
On appeal, the wife argues that the trial court improperly rejected the general master's findings by entering an order totally inconsistent with the record evidence. We agree.
The findings of fact and recommendations of a master should be approved and adopted by a trial judge unless clearly erroneous, or it appears that the master has misconceived the legal effect of the evidence. Mann v. Mann, 399 So.2d 1009 (Fla. 3d DCA 1981); Shaw v. Shaw, 369 So.2d 81 (Fla. 3d DCA 1979); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977); Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974). In our view, the trial court abused its discretion by rejecting certain portions of the general master's report. Although the trial court's order recites that the master erroneously determined that under the facts the husband could not claim the statute of limitations or equitable defenses as a bar to recovery, see Mann v. Mann, supra; Shaw v. Shaw, supra, we find that the court has misconceived the law in this regard. We address each of the master's findings in turn.
First, we find that the general master and the trial court both properly concluded that New York law should be applied to resolve this controversy since the parties agreed to be governed by the laws of the State of New York on matters affecting the separation agreement. Where it can be ascertained, the intent of the parties shall govern as to which state's law shall apply. See Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975). In accordance with the parties' wish, we will apply New York law where the applicable standards differ from those of Florida.
Second, the master held that the Florida statute of limitations was not a bar to recovery of the arrearages by the wife. Without specifying which statute of limitations (New York or Florida) applied, the trial court reversed this finding and ruled that the wife was barred from recovery on this basis. Neither the trial court nor the husband has cited an applicable statute or any New York case law on this issue, and our independent research has also failed to discover any. In the absence of authority to the contrary, we must presume that New York law follows our own in this respect. Under Florida law, proceedings for enforcement of support judgments are equitable in nature, and are not barred by the running of the statute of limitations. Melvin v. *1156 Melvin, 391 So.2d 691 (Fla. 1st DCA 1980); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979).
Nor are estoppel, waiver and laches a bar to enforcement of the arrearages in this case although these equitable defenses do apply in such proceedings. The evidence presented negates any suggestion that the wife intended to abandon or waive her claim for the underpayments since the shortages were only recently discovered. Additionally, laches does not bar recovery under New York law absent a showing of prejudice to the husband. Maule v. Kaufman, 33 N.Y.2d 58, 304 N.E.2d 234, 349 N.Y.S.2d 368 (1973). In Maule, evidence was held insufficient to bar recovery of child support arrearages even though the action was not begun until three years after the child reached 21 and almost ten years after payments ceased, and one of the husband's witnesses had died in the interim. See also Zeitlan v. Zeitlan, 44 A.D.2d 608, 353 N.Y.S.2d 532 (App.Div. 1974). Following this standard, we find the record fails to show that the husband was prejudiced since the only evidence in this regard is extra funds sent to the family, and these payments were in the nature of gifts. Accordingly, the trial court improperly reversed the general master's finding that the statute of limitations and equitable defenses were not a bar to recovery in this case. Cf. Clurman v. Clurman, 84 Misc.2d 148, 373 N.Y.S.2d 951 (Sup.Ct. 1975), aff'd., 51 A.D.2d 915, 382 N.Y.S.2d 281 (App.Div. 1976) (where husband, by letter, requested modification of agreement, and wife continued accepting payments in accordance with the requested modification, husband's change in life style in reliance upon wife's apparent acceptance barred recovery for past due alimony).
Third, the master's finding that voluntary payments by the husband toward the children's expenses could not be set off against his support obligations is fully in accordance with New York law. The general rule is that payments made by a father to or for the benefit of his children voluntarily and not pursuant to a divorce decree may not be credited by him against other amounts due and owing under the decree. Horne v. Horne, 22 N.Y.2d 219, 239 N.E.2d 348, 292 N.Y.S.2d 411 (1968); Soltow v. Soltow, 47 A.D.2d 652, 364 N.Y.S.2d 28 (App.Div. 1975). Since the payments in this case were gratuitous, the law was properly applied.
Fourth, the amount found by the master to be in arrears based on the annual CPI adjustments, $9,465.00, is not challenged.
Finally, the master properly denied the wife pre-judgment interest. Interest is not available on support arrears from the due date of each installment. Wolfe v. Wolfe, 86 Misc.2d 313, 382 N.Y.S.2d 245 (Sup.Ct. 1976), rev'd. on other grounds, 64 A.D.2d 700, 407 N.Y.S.2d 568 (App.Div. 1978). See also Maule v. Kaufman, supra.
Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment in accordance with the findings and conclusions of the master.
Reversed and remanded.