BASKIN, Judge.
The Reichmans were divorced in 1979. In its Final Judgment the court ordered Dr. Reichman to pay Mrs. Reichman $1500 a month rehabilitative alimony for four years followed by child support payments of $125 a week to each child until that child reaches 18 years of age. Subsequently, both parties sought modification. The wife sought either permanent alimony or an extended period of rehabilitative alimony and separate child support; the husband sought termination of rehabilitative alimony. The trial court referred the matter to a general master. The master conducted two hearings and submitted a report in which he found that neither party had demonstrated a change of circumstances sufficient to warrant modification. With regard to the wife’s petition for modification, the trial *1189 court disagreed with the general master and determined that there was no evidence •to support the master’s findings. Accordingly, the court changed the rehabilitative alimony to permanent alimony and ordered the husband to pay child support. We reverse.
The findings of fact and recommendations of a master should be approved and adopted by the trial judge unless they are clearly erroneous or the master has misconceived the legal effect of the evidence. See Shaw v. Shaw, 369 So.2d 81 (Fla. 3d DCA 1979). The trial court is bound by the master’s findings if they are supported by competent evidence. Dent v. Dent, 438 So.2d 903 (Fla. 4th DCA 1983). We have reviewed the record and have determined that the evidence before the master was conflicting. The master resolved conflicts in the evidence in favor of the husband. Because it is the function of the trier of fact, here the master, to resolve conflicts in testimony, Ciccarelli v. Ciccarelli, 352 So.2d 1204 (Fla. 4th DCA 1977), and because no evidence demonstrates that Mrs. Reichman was permanently disabled by her physical ailments, we reverse the trial court’s order granting the wife’s exceptions to the general master’s report.
Reversed.