596 So.2d 1190 (1992)
Deborah K. STEELE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 91-904.
District Court of Appeal of Florida, First District.
April 6, 1992.
Deborah K. Steele, pro se.
Geri Atkinson-Hazelton, Tallahassee, for appellees.

ORDER ON MOTION TO REINSTATE APPEAL
PER CURIAM.
Appellant has filed a motion to reinstate her appeal. We deny the motion.
Because appellant, a non-lawyer, is representing herself in this appeal, we take this opportunity to discuss certain problems which are, unfortunately, quite typical in such appeals. Appellant is appealing an order entered by the Florida Unemployment Appeals Commission. Appellant's original notice of appeal did not contain a date of rendition nor a certificate of service.[1] Orders issued directing appellant to file an amended notice of appeal which contained a date of rendition and a proper certificate of service. Attached to those orders were copies of Florida Rules of Appellate Procedure 9.020(g) and 9.420(c) which respectively define "rendition" and "certificate of service." Rule 9.420(c) also *1191 contains an example of the proper form for a certificate of service. The orders provided that appellant had ten days to comply and warned that failure to comply could result in the imposition of sanctions including dismissal of the appeal. Appellant did not file an amended notice of appeal within the time period allowed. Because appellant did not comply and, in fact, did not respond at all, this court issued an order dismissing appellant's appeal. The order specifically noted, however, that the dismissal was without prejudice to appellant filing a motion within 30 days from the date of the order to reinstate the appeal. The order further provided that reinstatement was specifically conditioned on appellant filing an amended notice of appeal which complied with the court's previous orders. On the 29th day after that order issued, appellant filed an amended notice of appeal.[2] However, appellant did not file a motion to reinstate her appeal. Approximately one month later this court issued an order notifying appellant that her appeal still stood dismissed because she still had not filed a motion to reinstate her appeal. Approximately six weeks after that order issued, appellant filed a motion to reinstate the appeal. Appellant's motion to reinstate argued that she is not represented by counsel and that she has "at all times throughout these proceedings been diligent in responding to this court's directives." The motion went on to argue the merits of her appeal.
This case and many other cases like it amply prove the comments made by Justice Kogan, in his separate opinion in Amendments To Rules Regulating The Florida Bar  1.3.1(a) and Rules of Judicial Administration  2.065 (Legal Aid), 598 So.2d 41 (Fla. 1992), that the law is beyond the reach of the average person. As this case shows, even the most simple act of handling an appeal, i.e., filing the notice of appeal, is truly not a simple act. There are forms, including a form notice of appeal, contained in the appellate rules.[3] Our experience is, however, that most pro se litigants are unaware of those forms. We fully agree with the supreme court that there is a need for more pro bono representation. Id. at ___; see also In re Amendments to Rules, 573 So.2d 800 (Fla. 1990). We would add that pro bono representation benefits not only the litigants, but also the court. Appeals in unemployment cases are almost always prosecuted by lay persons representing themselves. Because of their unfamiliarity with the law and appellate procedures, these cases frequently require the court to devote considerably more time to their disposition than should be necessary. As in this case, we are often required to resolve procedural or jurisdictional problems, not to mention the merits, with little or no guidance from the litigant.
We suspect that one of the many reasons why pro se litigants find it difficult to comprehend the appellate process is that the nature of the appellate court's function is not well understood. The appellate court is a court of review, not simply another forum to which the dissatisfied litigant may submit his or her list of grievances in hopes of a more favorable outcome. For the most part, the appellate court is concerned with questions pertaining to whether or not the proceedings below were carried out in accordance with the law. It is generally not a question of whether the appellate court agrees or disagrees with the result reached in a particular case, but whether that result was reached in a fair manner and was within the jurisdiction and authority of the court or agency whose decision is being appealed.[4] Further, no matter how tempting it may be for the court itself to extend a helping hand to litigants not represented by counsel, there are limits beyond which the court cannot properly go and still remain an impartial arbiter of disputes submitted to it for decision. Under our adversary system of justice, *1192 which has served so well for many generations, the court and its personnel may not be cast in the role of advocate or advisor for either side in any controversy. The burden of properly presenting a case to this court for review must therefore remain squarely upon the litigant, whether represented by counsel or not.[5] As a practical matter, this court lacks the facilities and resources to operate in any other fashion. Thus, while we empathize with pro se litigants, we simply do not have the time or resources to shepherd cases through the system for them. Recently we did start providing forms as attachments to certain of our orders to ease the burden on pro se litigants, but we simply cannot do that in every case.
It would appear beneficial for the court to provide an outline for pro se litigants of how to proceed with an appeal, and we considered doing so in this opinion. Upon further reflection, however, our paraphrasing of the rules would only create confusion and might give the impression that it is not necessary to actually comply with the rules, when it is. Litigants who do not understand how to proceed and who cannot afford an attorney should seek the assistance of their local legal aid society. If that fails, they should contact the local bar association or the Florida Bar to obtain names of attorneys who might represent them on a pro bono basis. We also implore members of the Bar to continue their valiant efforts at providing pro bono service. We recognize the level of such service is already substantial, but it is not enough. We join the supreme court in urging the Legislature to address this problem.
Turning to this case, contrary to the assertion in her motion, appellant has not timely complied with the rules or with this court's orders. She did not timely respond to the order to file an amended notice of appeal. The amended notice of appeal was not filed until almost two months after the original order. The motion to reinstate her appeal was not filed until almost four months after the order of dismissal. While this court has in the past been lenient in enforcing time requirements, as long as no prejudice to the opposing party resulted, we cannot allow such an egregious disregard for the time requirements established by the rules and our orders. Pro se litigants, like those parties represented by attorneys, must timely comply with our orders. Here appellant failed completely to comply.
Accordingly, appellant's motion to reinstate her appeal is hereby denied.
JOANOS, C.J., and SMITH and WIGGINTON, JJ., concur.
NOTES
[1] The "notice" was actually a letter we treated as a notice. The letter explained the merits of appellant's appeal.
[2] We note that based on the date of rendition contained in the amended notice, it appears appellant's original notice was not timely filed.
[3] The forms are set forth in Rule 9.900.
[4] An appellate proceeding should not be regarded as a second trial but as an inquiry into the legality and fairness of the first one. Philip J. Padovano, Florida Appellate Practice, § 5.2, at 70 (1988).
[5] A common practice of pro se litigants in this court is to submit to us all the documents the litigant has about the dispute and then ask us to review them to determine whether the lower tribunal was correct. That is not our function. A fundamental principle of the appellate process is that the judgment or order of the lower tribunal is presumed correct until reversible error has been demonstrated by the party seeking review. E.g., Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).