JORGENSON, Judge.
This is an appeal of a final money judgment against Robert and Victoria Gass in favor of Comreal Miami Inc., and of an order denying exceptions and objections to the report and recommendation of a special master. For the following reasons, we reverse.
In 1990 Robert Gass sold a commercial building which he owned. He deposited the proceeds from that sale in a bank account he held jointly with his wife, Victoria Gass. The money in the account was spent on normal living expenses, such as house payments, ear payments and college tuition for the couple’s daughter. The account was closed in November 1992.
Comreal filed suit against Robert Gass in April 1992, alleging Gass owed Comreal a real estate commission on the sale of the commercial property. A money judgment was entered against Robert Gass in April 1993. In September 1993, a special master issued a report recommending that Victoria Gass be made a party to the action and a judgment be entered against her. The special master specifically found that a prima facia case of a fraudulent transfer from Robert Gass to his wife was demonstrated under section 726.01 et seq., Florida Statutes (1988). The trial court ratified the report and recommendation of the special master and entered a final judgment against Robert and Victoria Gass.
The appellants argue that Comreal has failed to demonstrate a fraudulent transfer under chapter 726, the Uniform Fraudulent Transfer Act (UFTA). We agree. There are two options for showing a fraudulent transfer: section 726.105 or 726.106. Section 726.105 provides:
(1) A transfer or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor’s claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (a) With actual intent to hinder, delay, or defraud any creditor of the debtor;[1]
Because actual intent is a difficult concept to prove, case law and the UFTA have established indicia of intent commonly known as “badges of fraud,” which are contained in section 726.105(2). Munim v. Azar, 648 So.2d 145 (Fla. 4th DCA 1994). Here, insufficient indicia of fraud exist to determine that this was a fraudulent transfer. The transfer was made to the joint account one and one-half years before Comreal filed suit against Robert Gass. The account was closed five months before a money judgment was entered against Robert Gass and in favor of Comreal. Further, there was no attempt to conceal the transfer or remove or conceal assets. Compare id.; Ferre v. City National *1071 Bank of Miami, 548 So.2d 701 (Fla. 3d DCA 1989) (defendant admitted transfer was made to avoid creditors).
Section 726.106, Florida Statute, provides that a transfer is per se fraudulent
if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or the debtor became insolvent as a result of the transfer or obligation.
Neither party argued that consideration was given for the transfer between husband and wife. However, there was not substantial competent evidence in the record to support the special master’s determination that Robert Gass was insolvent as a result of the transfer.[2] The only evidence as to insolvency was Robert Gass’ testimony that he needed money from the sale to pay a loan and was in financial straits at the time of the transfer. Such evidence, without more, does not satisfy the statutory criteria of insolvency. Compare Advest, Inc. v. Rader, 743 F.Supp. 851 (S.D.Fla.1990) (defendant admitted he had no personal assets to satisfy judgment). The special master misconceived the legal effect of the evidence, Ben-Hain v. Tacher, 418 So.2d 1107, 1108 (Fla. 3d DCA 1982); Shaw v. Shaw, 369 So.2d 81 (Fla. 3d DCA 1979), and therefore the trial court erred in ratifying the special master’s report.
Because we have determined there was insufficient evidence to support a finding of a fraudulent transfer from Robert to Victoria Gass, it is not necessary to address any of the other issues on appeal. In sum, we reverse based on the trial court’s error in ratifying the special master’s report and recommendation that final judgment be entered against Victoria Gass.

. The facts of this case do not support a finding of a fraudulent transfer under section 726.105(1)(b), Florida Statutes.

. Section 726.103, Florida Statutes (1993) defines insolvency as:
(1) A debtor is insolvent if the sum of the debtor's debts is greater than all the debtor's assets at a fair valuation.
(2) A debtor who is generally not paying his debts as they become due is presumed to be insolvent.