935 So.2d 575 (2006)
Melanie CERASE, Appellant,
v.
Frederic R. DEWHURST, Appellee.
No. 3D06-17.
District Court of Appeal of Florida, Third District.
August 2, 2006.
*576 Schweitzer & Schweitzer-Ramras and Darlene Schweitzer-Ramras, Miami, for appellant.
Jacqueline M. Valdespino, Miami, for appellee.
Before COPE, C.J., WELLS, J., and SCHWARTZ, Senior Judge.
WELLS, J.
Melanie Cerase appeals from an order denying her petition for modification which sought permission as the primary residential parent to relocate from Miami-Dade to Citrus County. We find that the trial court abused its discretion in rejecting the General Magistrate's findings of fact, conclusions of law, and recommendation and reverse.
The parties to this proceeding were divorced in 1997 when their daughter was approximately three and one half years old. The final judgment dissolving their marriage, among other things, ordered shared parental responsibility with the mother as primary residential parent. Since then, both parties have remarried.
On June 10, 2005, the mother sought to modify the final judgment to permit her to move with the minor child to Citrus County. The father objected to the request and the matter was referred to a magistrate under Florida Family Law Rule of Procedure 12.490 for resolution. Following an evidentiary hearing at which eleven witnesses testified, the magistrate made detailed findings of fact and, as to the criteria set forth in section 61.13(2)(d)1-6 of the Florida Statutes, concluded that relocation would likely improve the general quality of life for both the residential parent and the child; that although the mother had consistently facilitated visitation, the father had rarely taken full advantage of it; that substitute visitation was affordable, meaningful, and available; and that the relocation would be in the best interests of this child. The magistrate recommended granting the mother's petition to relocate.
The trial court rejected this recommendation stating:
1) The evidence was not sufficient to demonstrate that [the child's] general quality of life would be improved by the *577 move from Miami-Dade County to Citrus, County, Florida. While the mother gave her opinion that the quality of life is better outside Miami, there were no sufficient facts upon which this opinion was based. For example, the mother testified that Crystal River, Florida was a nice small town where "people speak to you and say hello to you; that's something that we just don't have in Dade County (sic.) anymore." While this may demonstrate the mother's values, it is not a "fact" sufficient to substantiate a relocation. Moreover, opinions (without factual evidentiary support) about traffic or less congestion are also insufficient. The mother struggled to argue the schools [the minor child] would attend in Crystal River were equivalent to the schools in Miami. Yet even if the smaller classes in the B-rated school in Citrus County were just as good as the classes in the A-rated school she attends here, there still was no sufficient evidence to support the conclusions that [the child's] life was likely to improve in Citrus County. Additionally, the mother would have to take a $9,000 pay cut in Citrus County. She offered her belief that the cost of living there was much lower (again, with no evidentiary support) and that this would off-set any decrease in salary. The statute, however, requires the mother to demonstrate how the quality of [the child's] life would improve, not how her standard of living might theoretically remain the same. Similarly, the mother's new husband wishes to open a new business in Crystal River. He hopes that this will allow him more time to spend with the family. Yet these "hopes" are not facts sufficient to substantiate a relocation.
2) The mother argued the father has not always exercised the visitation rights provided to him. The testimony demonstrated this was true when [the child] was an infant or a toddler. However, the evidence established that, since a change in the father's work schedule in the last several years, the father's visitation has greatly improved. [The child] is now a pre-teen and is spending more time with her father than ever.
3) The evidence was sufficient to establish that the mother would be likely to comply with any substitute visitation arrangements ordered.
4) There was no competent substantial evidence that the alternate visitation schedule would be adequate to foster a continuing meaningful relationship between the minor child and the father. If relocation were permitted, the father would not be able to participate in athletic or school events for this gifted child on a regular basis. The father is starting to do those things now and he should be permitted and encouraged to continue. There was no substantial competent evidence that one weekend a month (as proposed by the mother) would be an adequate alternative or that permitting the father to drive five and a half hours to Citrus County for an additional weekend if he so chooses would suffice. Moreover, the evidence established that the father seems to have a habit of spending a succession of single overnights with [the child], rather than multiple days in a row. There was no evidence presented that this was harmful to [the child] or that a switch to multiple days in a row (which would be required if the move were permitted) would be adequate to foster a continuing relationship between [the child] and her father or even whether it would be beneficial for this pre-teen.
5) The evidence was sufficient to establish that the cost of transportation is affordable to both parties.

*578 6) The evidence was utterly insufficient to demonstrate that this move is in the best interest of the minor child. There were no sufficient facts presented upon which the General Magistrate concluded "(t)he move away from the crowded urban setting will allow a life with less stress on the entire family." And even if there were, there was no evidence either that [the child] is suffering the ill effects of living in an urban environment or that the supposed benefits of a rural one so improve her life that it outweighs the interruption in her relationships with friends at school, with friends at soccer, with her singing, or with her father.
(Footnotes omitted).
These findings and conclusions apply the wrong standard.
Once a trial court appoints a magistrate to take testimony and make findings, it loses the prerogative of substituting its judgment for that of the magistrate. See Bragassa v. Bragassa, 505 So.2d 556, 558 (Fla. 3d DCA 1987); Shaw v. Shaw, 369 So.2d 81, 82 (Fla. 3d DCA 1979) ("When a trial judge determines to refer a matter to a master, the trial judge gives up the opportunity to observe the witnesses. Therefore, he is not in the same position as a trial judge who hears a case."). Rather, it takes on the role of a reviewing court with responsibilities "similar to those of [an] appellate court in reviewing a trial court's findings and determinations." Reece v. Reece, 449 So.2d 1295, 1295 (Fla. 4th DCA 1984). Thus, where exceptions to a magistrate's report and recommendation have been filed, a trial court reviews the record to determine whether the magistrate's factual findings and conclusions are supported by competent substantial evidence, and whether the magistrate's legal conclusions are clearly erroneous or whether the magistrate misconceived the legal effect of the evidence. See Robinson v. Robinson, 928 So.2d 360, 362 (Fla. 3d DCA 2006) (trial courts are bound by a magistrate's factual findings if supported by competent substantial evidence and by a magistrate's findings and recommendations unless they are clearly erroneous or the magistrate has misconceived the legal effect of the evidence); De Clements v. De Clements, 662 So.2d 1276, 1282 (Fla. 3d DCA 1995) (en banc) (noting that "the trial court may only reject [a magistrate's] findings and conclusions if they are clearly erroneous or if the [magistrate] has misconceived the legal effect of the evidence presented"); Wright v. Wright, 516 So.2d 9, 9 (Fla. 3d DCA 1987) (trial court is bound by the general master's factual findings when supported by competent evidence, and must uphold the master's findings unless he misconceived the legal effect of the evidence); Reichman v. Reichman, 450 So.2d 1188, 1189 (Fla. 3d DCA 1984) ("The findings of fact and recommendations of a master should be approved and adopted by the trial judge unless they are clearly erroneous or the master has misconceived the legal effect of the evidence.").
Rather than reviewing the record to determine whether competent evidence existed to support the magistrate's findings and conclusions and to determine whether the magistrate misconceived the legal effect of the evidence or whether the magistrate's conclusions were clearly erroneous, the court below reweighed the evidence to make different findings and to arrive at different conclusions. This was inappropriate. See Anderson v. Anderson, 736 So.2d 49, 50-51 (Fla. 5th DCA 1999) (confirming that in reviewing a magistrate's findings and conclusions, a trial court does not make independent findings of fact or reach independent conclusions as to the legal effect of the facts).
*579 Moreover, the record confirms that the magistrate's findings and conclusions were fully supported by the evidence and that the magistrate neither misconceived the legal effect of the evidence nor committed error in recommending relocation. Significantly, the findings and conclusions clearly "pass the Canakaris test." See Id. at 51 (concluding that the abuse of discretion standard established in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), is the standard to be applied in a child custody proceeding by a trial court when determining whether a magistrate's conclusions are clearly erroneous or misconceive the legal effect of the evidence); Dorta-Duque v. Dorta-Duque, 791 So.2d 1148, 1149 (Fla. 3d DCA 2001) (applying the Canakaris abuse of discretion standard to a relocation request determination); Canakaris, 382 So.2d at 1203 (stating that an abuse of discretion is demonstrated when no reasonable person could come to the same conclusion as did the trier of fact).
Accordingly, we reverse the order rejecting the general magistrate's report and recommendation and remand for approval of that report and recommendation.
Reversed and remanded with directions.