RAMIREZ, J.
Frederick Ward, former husband of Nahir I. Dones, appeals the trial court’s acceptance of Dones’ exceptions to the General Magistrate’s report. We reverse because the trial court erroneously vacated the General Magistrate’s determination even though it was based upon competent substantial evidence.
Ward alleges Dones violated a parental planning schedule included in the final judgment dissolving the parties’ marriage. The planning schedule provides the child shall be “free of negative comments and behavior by one parent about the other.” In December .2009, Ward sought contempt against Dones because she allegedly “implant[ed] negative information in the child in an obvious effort to alienate the child from the father.” Ward alleged the child repeated negative statements made about him, which could only have come from Dones. The General Magistrate held an evidentiary hearing, at which Ward, Dones, and the school nurse from the child’s school testified. A recording alleged to be probative of Ward’s version of facts was also played at the hearing.
The General Magistrate found it was impossible for the child to have independently obtained the negative information the child allegedly recounted, and from this premise, the General Magistrate reasoned Ward’s motion should be granted. The General Magistrate’s report and recommendation summarized relevant portions of the record in support of its conclusions.
Dones filed exceptions to the General Magistrate’s report and recommendation, challenging its bases. The trial court reviewed the evidence and determined that, when reviewed as a whole, the evidence could not support the General Magistrate’s conclusion. As a result, the trial court granted Dones’ exceptions and determined a finding of contempt was not warranted. Ward appeals.
“Once a trial court appoints a magistrate to take testimony and make findings, it loses the prerogative of substi *828 tuting its judgment for that of the magistrate.” Cerase v. Dewhurst, 935 So.2d 575, 578 (Fla. 3d DCA 2006). As a result, “the trial court is bound by the general [magistrate's factual findings unless they are not supported by competent substantial evidence.” Robinson v. Robinson, 928 So.2d 360, 362 (Fla. 3d DCA 2006); see also Bragassa v. Bragassa, 505 So.2d 556, 558 (Fla. 3d DCA 1987); Dent v. Dent, 438 So.2d 903, 904 (Fla. 4th DCA 1983).
The trial court’s decision to grant the exceptions to the General Magistrate’s report and recommendation was error because the trial court exceeded the scope of permissible review. The trial judge reweighed evidence to make different findings based upon the same evidence, rather than determining whether the findings were supported by competent substantial evidence. The trial court could not override the General Magistrate’s credibility determinations regarding the live evidence presented to the General Magistrate. Consequently, we reverse the trial court’s order which vacated the General Magistrate’s determination.
Reversed.