# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-636
Lower Tribunal No. 12-15351A-B-C

_____

**S.V., the father,**
Petitioner,

vs.

**Department of Children and Families, et al.,**
Respondents.


On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

Brandon A. Rotbart, for petitioner.

Karla F. Perkins, for the Department of Children and Families; Kele Stewart, Attorney Ad Litem University of Miami School of Law; Laura E. Lawson, for the Guardian ad Litem Program, for respondents.

Before ROTHENBERG, SALTER and SCALES, JJ.

SCALES, J.

The petitioner, S.V. (the "Father"), seeks certiorari review of the trial court's non-final order that: (i) set aside a general magistrate's report and recommendations on the Father's motion for reunification with his two sons; and (ii) denied the Father's motion for reunification.[1]

Essentially, the Father asserts that the trial court impermissibly substituted its judgment for that of the general magistrate. Because we conclude that the trial court did not depart from the essential requirements of law, we deny the petition.

## I. Facts

The Father left his family in April of 2012, and moved from South Florida to North Carolina. The following month, the Department of Children and Families (DCF) filed a Petition of Dependency, seeking to adjudicate the Father's two children as dependent under section 39.501 of the Florida Statutes.[2]

DCF's Petition for Dependency of the children suggests that the Father's departure was abrupt and without concern for the immediate well-being of the children. Once in North Carolina and in the vicinity of his parents, the Father

---

[1] While rule 9.130(a)(3)(C)(iii)b. of the Florida Rules of Appellate Procedure allows for appellate review of non-final child custody orders in family law matters, this rule is inapplicable to the trial court's order in the instant proceeding. Common law certiorari is the appropriate avenue of review in this situation. See, e.g., E.H. v. Dep't of Children & Family Servs., 979 So. 2d 363 (Fla. 2d DCA 2008).

[2] At the time, the children's mother was unable to care for them due to her own medical and mental health issues.

created a new life for himself, though his direct involvement with his sons waned during the ensuing two years.[3]

DCF placed the children in the care of a maternal aunt. At the time of this placement, the children suffered from diagnosed disabilities, were found to be "emotionally disturbed," and functioned poorly in both the home and at school. Since that time, the children have received extensive therapeutic, medical and educational services. They continue to receive these services and are making progress.

In October of 2014, DCF, the Guardian Ad Litem and the Attorney Ad Litem jointly filed a motion to modify the case plan to a permanent guardianship, and the Father filed a motion for reunification with his children. The underlying question of this case is whether the Father, in his quest for reunification, has developed the capacity and preparation to address the extraordinary needs of the children at this time.

On November 7 and 17, 2014, a general magistrate conducted an evidentiary hearing on the two motions. On December 15, 2014, the general magistrate issued his report and recommendations, including the specific recommendation to grant the Father's motion for reunification. On February 17, 2015, the trial court set

---

[3] The Father indicated in an October 2012 status hearing that he wanted custody of his sons. He obtained a positive homestudy in North Carolina in 2014.

aside the general magistrate's report and recommendations and denied the Father's motion for reunification. On March 17, 2015, the trial court entered an order placing the children into a permanent guardianship.

The petition before this Court seeks review of both the trial court's February 17, 2015 Order Setting Aside General Magistrate's Report and Recommendation and Denying Father's Motion for Reunification; and the March 17, 2015 Order Placing Child(ren) in a Permanent Guardianship.

## II. Standard of Review

When a trial court reviews the recommendations of a general magistrate it takes on the role of an appellate court. Cerase v. Dewhurst, 935 So. 2d 575, 578 (Fla. 3d DCA 2006). Thus, the trial court's review of the general magistrate's recommendations is limited to determining whether the general magistrate's findings of fact are supported by competent substantial evidence, and whether the general magistrate either made clearly erroneous legal conclusions or misconceived the legal effect of the evidence. Id.

Hence, this Court's certiorari review of the trial court's non-final order is limited to whether the trial court departed from the essential requirements of law in conducting its review of the general magistrate's report and recommendations, resulting in irreparable harm to the petitioner that cannot be remedied on direct

appeal. <u>G.D. v. Dep't of Children & Family Servs.</u>, 870 So. 2d 235 (Fla. 2d DCA 2004).

Stated another way, in order to grant the Father's petition in this case, we must determine that the trial court failed to apply the correct legal standards when the trial court reviewed the general magistrate's recommendations.

### III. Analysis

Because the parties generally did not dispute the underlying facts of the case, the trial court focused its review of the general magistrate's report and recommendations primarily on whether the general magistrate misconceived the legal effect of the evidence. In a detailed sixteen-page order, the trial court painstakingly analyzed the legal issue raised by the evidence[4] and concluded that the general magistrate misapplied the law.

In <u>Cerase</u>, this Court reversed an order of the trial court, concluding that the trial court had substituted its judgment for the general magistrate by reweighing the evidence. <u>Cerase</u>, 935 So. 2d at 578. The instant case is distinguishable in two critical ways: (i) in <u>Cerase</u>, we exercised appellate review rather than certiorari review; and, more fundamentally, (ii) the record in <u>Cerase</u> plainly evidenced that

---

[4] The trial court reviewed whether the general magistrate's interpretation of section 39.521(3)(b) of the Florida Statutes was correct. This statute establishes a child's endangerment as the legal standard governing reunification of a child and a parent not residing with that child at the time that child came within the jurisdiction of the court.

the trial court had done nothing more than substitute its judgment for that of the general magistrate. Id.

It is clear in this case that the trial court conducted a thoughtful, detailed, and comprehensive analysis of the applicable law. The trial court determined that the general magistrate misconceived the legal effect of the evidence. Accordingly, the trial court found that competent substantial evidence did not support the general magistrate's finding that the Father, at this time, has the capacity to meet the children's extensive and unremitting therapeutic needs. On this record, we are unable to conclude that the trial court departed from the essential requirements of law by rejecting the general magistrate's report and recommendations.

We deny the Father's petition without prejudice to the Father filing another motion for reunification at an appropriate time in the future.