IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MOISES FIGUEROA,

   Appellant,

 v.

            Case No. 5D21-1963
            LT Case No. 05-2009-DR-064246

STACEY KOSSIVER,

   Appellee.
_____/

Opinion filed April 8, 2022

Appeal from the Circuit Court
for Brevard County,
Jeffrey Mahl, Judge.

Moises Figueroa, Tampa, pro se.

Lindsey M. Sharp, of Sharp & Dye
Attorneys, Indialantic, for Appellee.


LAMBERT, C.J.

  Moises Figueroa ("Former Husband"), appearing pro se, appeals the

trial court's unelaborated order approving and adopting the report of the

general magistrate and directing that the parties comply with its terms in all

respects. This report, issued after an evidentiary hearing, recommended that the trial court grant Stacey Kossiver's ("Former Wife") amended supplemental petition to modify the parties' respective shared parental responsibilities and time-sharing with the parties' minor child that were previously established in the final judgment dissolving their marriage.[1] By this opinion, we explain to the unrepresented Former Husband why we are affirming this order.

We begin with the initial observation that in appellate proceedings, the decision of the trial court is presumed to be correct, *see Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979), and that Former Husband, as the appellant, has the burden on appeal to show how the trial court reversibly erred. *See Filomia v. Celebrity Cruises Inc.*, 271 So. 3d 1199, 1199–1200 (Fla. 3d DCA 2019) (recognizing that it is well-settled in appellate proceedings that "the burden is on the appellant to demonstrate error" (quoting *Applegate*, 377 So. 2d at 1152) (additional citations omitted)). That Former Husband is not represented by counsel here is of no consequence because this burden remains "squarely upon the litigant,

---

[1] The magistrate's report also recommended that the trial court deny Former Husband's motion for civil contempt that was contemporaneously heard by the magistrate.

2

whether represented by counsel or not." *Steele v. Fla. Unemplmt. App. Comm'n*, 596 So. 2d 1190, 1192 (Fla. 1st DCA 1992).

In an effort to meet his burden of showing that the trial court reversibly erred, Former Husband's pro se initial brief expresses significant disagreement with many of the factual findings made and conclusions reached by the magistrate from the evidence presented at the hearing. It is unnecessary to our disposition of this appeal to relate these various findings, other than to note that they were generally adverse to Former Husband. From these findings, the magistrate concluded in his report that Former Wife had shown that a substantial and unanticipated change in circumstances had occurred since the final judgment and that modification of the parties' previously-established shared parental responsibilities and time-sharing with their child was in the child's best interests. In reaching this conclusion, the magistrate's report specifically addressed each non-exclusive factor listed in section 61.13(3)(a)–(t), Florida Statutes (2021), that must be considered for such a modification.

Our review of Former Husband's brief suggests that Former Husband may misunderstand both the trial court's scope of review when addressing a magistrate's report and recommendations, as well as the parameters of our review as an appellate court. Addressing the former, we first explain to

Former Husband that "[o]nce a trial court appoints a magistrate to . . . make findings, it loses the prerogative of substituting its judgment for that of the magistrate." *Cerase v. Dewhurst*, 935 So. 2d 575, 578 (Fla. 3d DCA 2006). Accordingly, when a trial court reviews the report and recommendations of the general magistrate, it takes on the role of an appellate court. *Middleton v. Hager*, 179 So. 3d 529, 533 (Fla. 3d DCA 2015) (quoting *S.V. v. Dep't of Child. & Fams.*, 178 So. 3d 421, 422–23 (Fla. 3d DCA 2015)). More specifically, a trial court's review is "limited to determining whether the general magistrate's findings of fact [were] supported by competent substantial evidence, and whether the general magistrate either made clearly erroneous legal conclusions or misconceived the legal effect of the evidence." *Id.* (quoting *S.V.*, 178 So. 3d at 423).

Significant to the trial court's review process here, Former Husband filed no exceptions to the magistrate's report. *See* Fla. Fam. L. R. P. 12.490(f) ("The parties may file exceptions to the report within 10 days from the time it is served on them."). Had Former Husband done so, the trial court would have been required to hold a hearing on the exceptions. *Id.* At this hearing, Former Husband, as the party seeking review, would or should have provided the trial court with a record, substantially in conformity with this rule, including the transcript of the evidentiary hearing held before the magistrate.

*See* Fla. Fam. L. R. P. 12.490(g)–(g)(1). However, when, as here, no exceptions are filed, a trial court is succinctly tasked with "tak[ing] appropriate action on the [magistrate]'s report," *see* Fla. Fam. L. R. P. 12.490(f). Taking "appropriate action" is not defined in this rule, and such action can vary depending on the circumstances of the case. *Norris v. Norris*, 28 So. 3d 953, 954 (Fla. 2d DCA 2010). However, contrary to when exceptions are filed, the rule does not direct that the trial court must hold a hearing when no exceptions are filed before entering an order on the magistrate's report. The trial court here did not hold a hearing before entering the subject order.

In the context of this appeal, the ramifications to Former Husband of his not filing any exceptions to the magistrate's report are significant. A trial court, such as in this case, is "bound by the general [magistrate's] factual findings [contained in the report] unless they are not supported by competent substantial evidence." *Ward v. Dones*, 90 So. 3d 826, 828 (Fla. 3d DCA 2012) (quoting *Robinson v. Robinson*, 928 So. 2d 360, 362 (Fla. 3d DCA 2006)). The result of Former Husband's decision not to file exceptions to the magistrate's report was that no transcript of the evidentiary hearing held before the magistrate was prepared. Thus, without the transcript setting forth the testimony and other evidence from the hearing, the trial court could not conclude that the evidence before the magistrate, when the magistrate

recommended modification of the final judgment, was not competent and substantial. The domino effect to Former Husband is that, on appeal, he is now unable to show that the trial court committed any error in approving and adopting the report as to the magistrate's factual findings.

Consequently, Former Husband's ability to obtain appellate relief from our court became limited to whether he could show us that there was an error of law committed. Moreover, with no transcript from the hearing before the magistrate, Former Husband necessarily had to show legal error on the face of the trial court's order adopting and approving the magistrate's report or the report itself. *Cf. Marshall v. Marshall*, 953 So. 2d 23, 25 (Fla. 5th DCA 2007) ("Because there is no trial transcript, our review is limited to errors that may appear on the face of the amended final judgment.").

However, Former Husband raises no argument in his initial brief that such an error of law appears in the trial court's order or the magistrate's report. His failure to raise this argument results in a waiver of any claim for reversal on this ground. *See Tillery v. Fla. Dep't of Juv. Just.*, 104 So. 3d 1253, 1255–56 (Fla. 1st DCA 2013) (holding that an argument not raised in an initial brief is waived). Moreover, even if such an error does exist, "it is not the function of [an appellate court] to rebrief an appeal [for a party]," *Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA

6

1983), or to otherwise "extend a helping hand to litigants not represented by counsel." *Steele*, 596 So. 2d at 1191.

To be fair, the principles of appellate law outlined in this opinion explaining our affirmance may appear foreign to Former Husband, as well as to many of our other litigants who appear before us without an attorney. Former Husband's initial brief suggests that he viewed our function as an appellate court as one that would reconsider or reweigh the evidence presented before the magistrate and thereafter come up with a different resolution of the case.

Former Husband's view, however, is misplaced. An appellate court is "not simply another forum to which the dissatisfied litigant may submit his or her list of grievances in hopes of a more favorable outcome." *Id.* Rather, the question before an appellate court is "generally not a question of whether the appellate court agrees or disagrees with the result reached in a particular case, but whether that result was reached in a fair manner and was within the jurisdiction and authority of the court or agency whose decision is being appealed." *Id.*

Pertinent here, our standard of review of a trial court's order issued on a magistrate's report and recommendation is de novo. *See P.D.V-G. v. B.A.V-G.*, 320 So. 3d 885, 888 (Fla. 2d DCA 2021). Applying this standard,

Former Husband has failed to meet his burden to show reversible error. Accordingly, the trial court's order adopting and approving the report and recommendation of the magistrate is affirmed.

AFFIRMED.

EVANDER and NARDELLA, JJ., concur.