# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-4171
_____

RICHARD LUSSY,

    Appellant,

    v.

DEPARTMENT OF LEGAL AFFAIRS
etc. et al.,

    Appellees.

_____

On appeal from the County Court for Leon County.
Nina Ashenafi-Richardson, Judge.

April 3, 2024

PER CURIAM.

Appellant challenges the trial court's order dismissing his counterclaims and, based on a separate order declaring him a vexatious litigant, instructing the Leon County Clerk of Court to reject future pro se pleadings filed by Appellant. This is Appellant's second appeal of the same order entered in Case No. 2020 CC 001165 (Leon County.).* The first appeal of this order

---

* This court's records reveal these two appeals are the only appeals filed by Appellant in this court. Appellant has been sanctioned in other appellate jurisdictions for abuse of the judicial process. *Lussy v. Fourth Dist. Ct. of Appeal*, 828 So. 2d 1026 (Fla.

was dismissed without an opinion. *Lussy v. Dep't of Legal Affs.*, 356 So. 3d 784 (Fla. 1st DCA 2023) (Case No. 1D22-4070).

Appellant demonstrates no preserved reversible error in the trial court's order or in the final summary judgment entered for the Department. The burden to show how the trial court reversibly erred "remains 'squarely upon the litigant, whether represented by counsel or not.'" *Figueroa v. Kossiver*, 336 So. 3d 1260, 1262 (Fla. 5th DCA 2022) (*quoting Steele v. Fla. Unemployment Appeals Comm'n*, 596 So. 2d 1190, 1192 (Fla. 1st DCA 1992)). The trial court's order and final summary judgment are therefore

AFFIRMED.

BILBREY, WINOKUR, and TANENBAUM, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

Richard Lussy, pro se, Appellant.

Ashley Moody, Attorney General, and Anita J. Patel, Assistant Bureau Chief, Tallahassee, for Appellees.

---

2002); *Lussy v. Damsel*, 890 So. 2d 1184 (Fla. 4th DCA 2005). We caution Mr. Lussy that such abuse of process by frivolous filings in this court could subject him to similar sanctions. *See* Fla. R. App. P. 9.400; *Sibley v. Fla. Jud. Qualifications Comm'n*, 973 So. 2d 425 (Fla. 2006).