DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SABRINA ALLI,**
Appellant,

v.

**MARCO SANCHEZ,**
Appellee.

No. 4D2024-0114

[January 15, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Anastasia M. Norman, Judge; L.T. Case No. 562015DR003157.

Jeff T. Gorman of Jeff T. Gorman Law Offices, Stuart, for appellant.

Kate E. Watson of The Watson Law Firm, P.A., Jupiter, for appellee.

GROSS, J.

We reverse a final order denying the mother's petition to modify child support. The circuit court's order adopted the recommended order of a magistrate, but the recommended order was facially deficient and misconceived the legal effect of the evidence.

A 2016 final judgment set the parties' net monthly income for the purpose of child support—$2,334 for the mother and $3,549 for the father.

In 2022, the mother petitioned for, among other things, a modification of child support due to a material change in circumstances. The father filed an answer and counterpetition. He agreed that the court should recalculate child support, pointing out that the parties "have both had a substantial change in income" and requesting a recalculation of child support "based on the parties' present incomes."

At trial, substantial evidence was offered as to the parties' incomes.

The mother testified that her present income was $1,200 per month. The father offered the testimony of a rehabilitation counselor who attested

that the mother was able to earn $1,000 per week, a substantial change from the counselor's written report, which stated that the mother had an earning capacity of $400 per week.

The father testified to a gross yearly income between $169,733 and $180,000, including bonuses. His financial affidavit listed a $12,200 gross monthly income and a $7,531.10 net monthly income.

As the mother points out, the magistrate made two diametrically opposed findings in the recommended order; the order states that the parties "spent the majority of the trial focused on the determination of income for each," yet concluded that a change in circumstances "was never mentioned, discussed, explained, or proven in this trial." The magistrate recommended denial of the petition, which recommendation the trial court accepted, prompting this appeal.

"[A] substantial increase 'in the paying parent's income is itself sufficient to constitute a change in circumstances warranting an increase in child support without a demonstration of increased need.'" *Matthews v. Matthews*, 677 So. 2d 323, 326 (Fla. 1st DCA 1996) (quoting *Miller v. Schou*, 616 So. 2d 436, 437 (Fla. 1993)). "A petition for modification of child support need only allege a substantial change in either the child's needs or one of the parent's income." *Vincent v. Vincent*, 715 So. 2d 1147, 1148 (Fla. 4th DCA 1998).

As the Fifth District has observed,

> when a trial court reviews the report and recommendations of the general magistrate, it takes on the role of an appellate court. *Middleton v. Hager*, 179 So. 3d 529, 533 (Fla. 3d DCA 2015) (quoting *S.V. v. Dep't of Child. & Fams.*, 178 So. 3d 421, 422–23 (Fla. 3d DCA 2015)). More specifically, a trial court's review is "limited to determining whether the general magistrate's findings of fact [were] supported by competent substantial evidence, and whether the general magistrate either made clearly erroneous legal conclusions or misconceived the legal effect of the evidence." *Id.* (quoting *S.V.*, 178 So. 3d at 423).

*Figueroa v. Kossiver*, 336 So. 3d 1260, 1263 (Fla. 5th DCA 2022).

Here, the parties *agreed* that there had been a material change in financial circumstances. Using the evidence most favorable to the father, his net monthly income had more than doubled since the time of the final

judgment. The magistrate misconceived the legal effect of the evidence. The circuit court abused its discretion by accepting the magistrate's conclusions.

We therefore reverse and remand to the circuit court for further proceedings on the issue of child support.

*Reversed and remanded.*

LEVINE and KUNTZ, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***