606 So.2d 630 (1992)
The MORAL MAJORITY, INC., Appellant,
v.
BROWARD COUNTY CHAPTER OF THE NATIONAL ORGANIZATION FOR WOMEN, INC., et al., Appellees.
No. 91-1043.
District Court of Appeal of Florida, Fourth District.
August 26, 1992.
On Post-Opinion Motions November 18, 1992.
Jeffrey A. O'Keefe of Heinrich Gordon Batchelder Hargrove Weihe & Gent, Fort Lauderdale, for appellant.
Barry M. Silver, Boca Raton, for appellees.
PER CURIAM.
This is an appeal from an order denying attorney's fees.
The Broward County Chapter of the National Organization for Women, Inc., and others, filed a lawsuit against appellant, The Moral Majority, Inc. (Moral Majority), and other defendants, alleging conspiracy, violations of the Florida RICO Act, public nuisance, tortious interference with business relationships, intentional infliction of emotional distress, false imprisonment, defamation and trespass. The complaint sought damages and was accompanied by a verified motion for a temporary restraining order.
Declining to enter a restraining order against appellant, Moral Majority, the judge stated: "[n]ot one shred of evidence, in the form of testimony or otherwise was presented concerning" Moral Majority. Subsequently, the trial court granted appellant's motion for final summary judgment. Thereafter appellant filed a motion seeking attorney's fees pursuant to sections 772.104 and 895.05(7), Florida Statutes (1991), and pursuant to section 57.105, Florida Statutes (1991).
At the hearing on this motion the trial court made the following observation:
There is not anything in this case. I mean, there is not one single scintilla of anything that was done by Reverend Falwell or The Moral Majority in this case that is not protected by the First Amendment.
Thereafter the trial court, without explanation, denied the motion for attorney's fees. We reverse.
The freedoms memorialized in and protected by the constitutions of the United States and of the State of Florida do not, and should not, include a "right" to institute baseless, harassing, time-consuming and expensive litigation against a party. While any plaintiff has the power to initiate a lawsuit, the right to do so is a limited one. The limits are, inter alia, those prescribed and proscribed by the statutes relied on by appellant here. Those limits were exceeded by appellees as exemplified by the trial court's finding there was not a scintilla of evidence to support their allegations against appellant.
*631 We reverse and remand with instructions to grant reasonable attorney's fees to appellant.
REVERSED AND REMANDED.
HERSEY and POLEN, JJ., and SCHWARTZ, ALAN R., Associate Judge, concur.

ON POST-OPINION MOTIONS
ORDERED that appellees' motion filed September 10, 1992, for rehearing en banc is hereby denied; further,
ORDERED that appellees' motion filed September 10, 1992, for rehearing of trial court attorney's fees is hereby denied; further,
ORDERED that appellees' request filed September 21, 1992, for additional certified question and/or for rehearing is hereby denied; further,
ORDERED that appellees' amendment filed October 9, 1992, to motion for rehearing is hereby denied; further,
ORDERED that appellant's motion to strike request for certification and for sanctions filed September 22, 1992, is hereby denied; further,
ORDERED that appellant's motion filed September 30, 1992, to strike request for additional certified question and/or for rehearing is hereby denied; further,
ORDERED that appellant's motion for attorney's fees filed by Jeffrey A. O'Keefe, counsel for the appellant, is hereby granted and remanded to the trial court, and pursuant to Fla.R.App.P. 9.400(b), upon remand of this cause the amount thereof shall be assessed by the trial court upon due notice and hearing, subject to review by this court under Fla.R.App.P. 9.400(c); further,
ORDERED that appellant's motion filed October 19, 1992, to strike and for sanctions is hereby denied; further,
ORDERED the parties' post-opinion motion practice in this case has exceeded the proscriptions of Dubowitz v. Century Village East, 381 So.2d 252 (4th DCA 1979). The filing of any further motions by either party will result in the imposition of sanctions.