929 So.2d 619 (2006)
Gladwin BOUCICAUT, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS, etc., et al., Appellees.
No. 3D05-2039.
District Court of Appeal of Florida, Third District.
May 10, 2006.
Gladwin Boucicaut, in proper person.
John D. Maher, Tallahassee, for appellees.
Before WELLS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
Gladwin Boucicaut ("Boucicaut") appeals an order of the Unemployment Appeals Commission ("Commission") affirming a decision of an unemployment compensation appeals referee, which disqualified Boucicaut from receiving unemployment benefits, and found that Boucicaut had received *620 benefits for which he was not entitled. As we conclude that the referee's findings are supported by competent substantial record evidence, we affirm. See Garcia v. Fla. Unemployment Appeals Comm'n, 872 So.2d 966, 969 (Fla. 3d DCA 2004)(holding that the appeals referee's findings will not be overturned unless they are not supported by competent, substantial evidence in the record).
Boucicaut challenges the appeals referee's conclusions which were adopted by the Commission, on the basis that there was conflicting evidence regarding whether Boucicaut's discharge was due to misconduct within the meaning of the unemployment compensation statute. Credibility of a witness and the weight to be given to the evidence presented is, however, within the sound discretion of the fact finder, see Glover v. Sanford Child Care, Inc., 429 So.2d 91 (Fla. 5th DCA 1983), which in this case was the appeals referee. Thus, to challenge the factual findings of the appeals referee, Boucicaut must demonstrate that these findings were not supported by competent substantial evidence, a burden he did not meet.
Affirmed.