# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-824
Lower Tribunal No. 11-2748
_____


**Steven Frischer,**
Appellant,

vs.

**Margarita Quintana, Jose Quintana, and Annette Quintana,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Nancy C. Wear, B.C.S., and Nancy C. Wear, for appellant.

Richard F. Watson, P.A., and Richard F. Watson, for appellees.


Before ROTHENBERG, LOGUE, and SCALES, JJ.

LOGUE, J.

Steven Frischer appeals from a final order of the trial court denying his motion for attorney's fees and prejudgment interest as a sanction under section 57.105, Florida Statutes (2011), and denying him costs as the prevailing party under section 57.041, Florida Statutes (2011).

We affirm the denial of attorney's fees under section 57.105. A trial court's denial of a motion for attorney's fees under section 57.105 is reviewed for abuse of discretion. Puglisi v. Puglisi, 135 So. 3d 1146, 1147 (Fla. 5th DCA 2014); Lago v. Kame By Design, LLC, 120 So. 3d 73, 74 (Fla. 4th DCA 2013). Admittedly, this lawsuit was filed almost fifteen years after the applicable statute of limitations had run. The argument, however, that the cause of action did not accrue until recently, although feeble, was not so entirely devoid of merit that the trial court's decision to decline to award fees rose to the level of an abuse of discretion.

The trial court, however, erred in failing to award costs. Section 57.041 provides:

(1) The party recovering judgment shall recover all of his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.

(2) Costs may be collected by execution on the judgment or order assessing costs.

A trial court has no discretion whether to award costs pursuant to this section. Higgs v. Klock, 873 So. 2d 591, 592 (Fla. 3d DCA 2004) ("[U]nder the statute,

2

every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment.") (internal quotation and citation omitted); Wilkerson v. Johnson, 139 So. 3d 965, 967 (Fla. 1st DCA 2014) ("Courts have interpreted this statute as removing from the trial court the discretion to deny costs to the prevailing party in a civil action."). Frischer specifically requested costs as the prevailing party pursuant to section 57.041. Because Frischer was the prevailing party, he was entitled to an award of costs.

Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion.