# Third District Court of Appeal

**State of Florida**

Opinion filed September 30, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-399
Lower Tribunal No. 12-3799
_____

**Guillermo D. Lopez,**
Appellant,

vs.

**Department of Revenue, etc.,**
Appellee.

Appeal from the Circuit Court for Miami Dade County, Philip Cook, Judge.

Lisa A. Baird, for appellant.

Pamela Jo Bondi, Attorney General, and William H. Branch, Assistant Attorney General, for appellee.

Before WELLS, LOGUE and SCALES, JJ.

SCALES, J.

Guillermo D. Lopez ("Lopez") appeals a final order of the trial court that granted the Florida Department of Revenue's ("DOR") Exceptions/Motion to Vacate Report and Recommendations of General Magistrate regarding Lopez's motion to tax attorney's fees against DOR. We reverse the order on appeal because the factual record before the trial court is devoid of any material facts necessary to warrant DOR's underlying paternity claim against Lopez.

## I. Facts

### A. DOR's Paternity Action

In August of 2011, Lopez was contacted by DOR's Child Support Division, which advised Lopez that he had been named by a woman as having fathered the woman's child out of wedlock.[1] Lopez responded to DOR by explaining that he did not know the mother of the child. DOR advised Lopez to hire an attorney.

On February 14, 2012, DOR filed a Petition to Establish Paternity and Award Child Support in the Circuit Court of Miami-Dade County.[2] Although DOR's petition identified the respondent as "Guillermo J. Lopez," it was served on Lopez – or more specifically on Lopez's wife at the couple's home.

### B. Lopez's 57.105 motion

---

[1] Lopez's middle initial is D. DOR was seeking to establish paternity against Guillermo J. Lopez. DOR had misidentified Lopez.

[2] Section 409.2564 of the Florida Statutes authorizes DOR to bring a paternity action on behalf of an unwed mother in order to establish an obligation of support by the father for the benefit of the child born out of wedlock.

On March 7, 2012, Lopez's attorney sent DOR a transmittal letter and an attached "Motion for Attorney's Fees and Costs Pursuant to Fla. Stat. 57.105." While Lopez's 57.105 Motion was served on DOR as an enclosure with Lopez's March 7th transmittal letter, his 57.105 Motion was not filed at that time. On that same date, Lopez served DOR with, and filed with the court, a Verified Motion For Scientific Paternity Testing, To Dismiss Petition Served On Him, And For Attorney's Fees And Costs (the "Verified Motion").

Both the March 7th transmittal letter and the March 7th Verified Motion expressly state that Lopez had never met the child's mother, and advise that the named respondent is "Guillermo J. Lopez," not "Guillermo D. Lopez."

On March 12, 2012, Lopez served DOR with a Request for Production requesting, among other things, all documents showing how DOR determined that Lopez was the alleged father and how DOR located Lopez. DOR never responded to this Request for Production.

After the expiration of the 21-day "safe harbor" period required pursuant to section 57.105(4) of the Florida Statutes,[3] Lopez filed his 57.105 Motion on April 13, 2012. The section 57.105 Motion that Lopez filed contained a certificate of

_____

[3] Section 57.105(4) reads, in its entirety, as follows: "(4) A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." § 57.105(4), Fla. Stat. (2013).

service indicating that Lopez mailed the copy of the motion to DOR on April 10, 2012. The certificate of service did not reference that Lopez had previously served a copy of his 57.105 Motion on DOR as an enclosure with Lopez's March 7th transmittal letter.

### *C. Proceedings Prior to Evidentiary Hearing*

On May 29, 2012, the trial court referred the matter to a general magistrate pursuant to Rule 12.490 of the Florida Family Law Rules. Also on May 29, 2012, DOR filed a Motion for Physical Examination that sought discovery of Lopez's paternity through DNA testing.

On June 4, 2012, the person intended to be identified in DOR's petition, Guillermo J. Lopez, filed his own, separate petition against the mother in the Circuit Court's Family Division. In this petition, Guillermo J. Lopez asserted that he was the child's father and sought to establish his paternity of, and responsibility for, the child. The mother was served with this separate petition on July 11, 2012.

On July 31, 2012, at the request of DOR's counsel, Lopez sent to DOR a copy of Lopez's Florida driver's license. On September 27, 2012, DOR again requested a copy of Lopez's driver's license and again Lopez complied. The parties then scheduled a hearing (to be held on October 29, 2012) to determine Lopez's paternity. Lopez cross-noticed his Verified Motion and his 57.105 Motion for hearing on that October 29th hearing date.

4

### D. DOR Quashes Service on Lopez

On October 16, 2012, DOR filed a Motion to Quash the service of process that DOR had effected on Lopez back in February. Also, on that date the trial court entered DOR's proposed order quashing this service of process. DOR also withdrew its Motion for Physical Examination.

Lopez and his counsel appeared at the courthouse for the October 29th hearing, where they were advised that the hearing had been cancelled, presumably mooted by virtue of the October 16th order quashing service of process on Lopez. Because this October 16th order did not moot Lopez's outstanding 57.105 Motion, an evidentiary hearing on Lopez's 57.105 Motion was set for December 10, 2012, before the general magistrate.

### E. Evidentiary Hearing Before General Magistrate

At the December 10, 2012 evidentiary hearing, the general magistrate heard sworn testimony from Lopez, Lopez's attorney, and the mother. Lopez's attorney testified that she was informed by DOR's counsel that Lopez was selected to be served with DOR's petition by the Sheriff, who simply picked the first Guillermo Lopez in the phone book.

This testimony was unrebutted. Indeed, Lopez attempted to serve the DOR counsel with whom Lopez's attorney had communicated with a witness subpoena to testify at the December 10th hearing. Lopez, however, was unable to effect

service on DOR's counsel (who attended the December 10th hearing and, mid-course, took over as DOR's lead counsel at the hearing).

At the hearing, DOR's counsel indicated that a confidential affidavit existed in which the mother had identified Lopez as the father. Initially, citing privacy concerns, DOR refused to produce this affidavit for an in camera review by the general magistrate. When pressed, however, DOR's substitute counsel stipulated that DOR did not possess such an affidavit.

*F. General Magistrate's Report and Recommendations*

On March 13, 2013, the general magistrate issued a detailed Report and Recommendations on Lopez's 57.105 Motion. The general magistrate's Report and Recommendations set forth the findings of fact summarized above, granted Lopez's 57.105 Motion, and concluded that Lopez was entitled to $4,257 in attorney's fees. The Report and Recommendations specifically found that DOR had failed to conduct due diligence prior to serving Lopez with DOR's petition, and further found that DOR had not acted in good faith in continuing to prosecute its paternity action against Lopez.

On March 20, 2013, DOR filed timely exceptions to, and a motion to vacate, the Report and Recommendations ("DOR's Exceptions"). On December 10, 2013, Lopez filed a motion seeking additional attorney's fees incurred by Lopez after the December 10, 2012 evidentiary hearing.

6

*G. The Court's Order on Appeal*

On January 15, 2014, the trial court held a non-evidentiary hearing on DOR's Exceptions and on Lopez's motion seeking additional attorney's fees.[4] On January 27, 2014, the trial court entered the order on appeal granting DOR's Exceptions and denying Lopez's 57.105 Motion (as well as Lopez's December 10, 2013 motion seeking additional attorney's fees).

While not entirely clear from the order on appeal,[5] it appears the trial court determined that: (i) DOR acted in good faith; (ii) Lopez failed to strictly comply with the requisites of section 57.105; (iii) section 57.105 attorney's fees do not arise from a discovery dispute; and (iv) a justiciable issue existed, precluding Lopez from recovering section 57.105 fees.

This appeal timely ensued.

**II. Analysis**

*A. Standard of Review/Issues on Appeal*

Generally, a trial court's order denying entitlement to fees under section 57.105 will not be disturbed absent an abuse of discretion. <u>Frischer v. Quintana</u>, 151 So. 3d 491 (Fla. 3d DCA 2014).

---

[4] Unfortunately, due to a court reporter equipment failure, no transcript of this hearing is available.

[5] The trial court's order merely cites cases in support of general propositions. The trial court's order does state that it relied upon the transcript of the December 10, 2012 evidentiary hearing before the general magistrate.

When a trial court reviews a general magistrate's recommendations, however, the trial court is bound by the general magistrate's findings of fact unless those findings are not supported by competent substantial evidence. Rodriguez v. Reyes, 112 So. 3d 671, 673 (Fla. 3d DCA 2013). A trial court abuses its discretion when it substitutes its own judgment for that of the general magistrate. Cerase v. Dewhurst, 935 So. 2d 575, 578 (Fla. 3d DCA 2006). Our review of the trial court's review of the general magistrate's Report and Recommendations is de novo. Glaister v. Glaister, 137 So. 3d 513, 516 (Fla. 4th DCA 2014).

Against this backdrop, we address the trial court's principal determinations: (i) that Lopez failed to adhere to the strict safe harbor requirements of section 57.105, and (ii) that section 57.105 sanctions were not appropriate in this case.

### B. Compliance with requisites of section 57.105

DOR argues, and it appears that the trial court concluded, that Lopez failed to comply with the 21-day "safe harbor" period required by 57.105(4).[6] That subsection requires a 57.105 motion to be served on a party at least twenty-one days prior to the motion being filed. The purpose of this subsection is to allow the non-moving party an opportunity to evaluate the issue and decide whether to

---

[6] The trial court's order merely cited the following cases for the proposition that, because an award of attorney's fees is in derogation of common law, the movant must strictly adhere to the statute's requirements: Kittel v. Kittel, 210 So. 2d 1, 3 (Fla. 1968) and Nathan v. Bates, 998 So. 2d 1178 (Fla. 3d DCA 2008) (Mem).

8

withdraw the allegedly meritless claim or defense. Reznek v. Chase Home Fin., LLC, 152 So. 3d 793 (Fla. 3d DCA 2014).

The Report and Recommendations expressly finds that Lopez's 57.105 Motion was served on DOR at least twenty one days prior to April 13, 2012, the date the motion was filed. This factual finding is supported by competent substantial evidence. The first sentence of Lopez's counsel's March 7, 2012 transmittal letter reads, in its entirety, as follows: "Attached please find my client's *Motion for Attorney's Fees and Costs Pursuant to Fla. Stat. 57.105.*" [emphasis in original] The letter specifically indicates it contained "Enclosures," and DOR admitted that it received the letter. There is nothing in the record indicating that, upon receiving the March 7th letter, DOR reached out to Lopez's counsel to inquire about a missing section 57.105 motion.

Nevertheless, DOR argues that, because the certificate of service on the motion filed on April 13, 2012, indicates that Lopez's 57.105 Motion was served on DOR on April 10, 2012, then the April 10th certificate of service date presumptively establishes April 10th – well short of the twenty one-day safe harbor – as the date Lopez's 57.105 Motion was served. Indeed, in disputes regarding the date of service, courts look to the document's certificate of service as presumptive proof of the service date. Nesslein v. Nesslein, 672 So. 2d 582 (Fla. 3d DCA 1996).

In this instance, however, when a document is both (i) served before it is filed, and (ii) served again contemporaneously with its filing, nothing precludes a discrete inquiry as to whether the document, in fact, was served twice. Ample evidence supported the general magistrate's conclusion that Lopez's 57.105 Motion was enclosed with Lopez's March 7th letter, despite having been served a second time contemporaneously with its filing.[7]

The evidence adduced at the December 10th evidentiary hearing was more than sufficient to overcome any presumption that Lopez's 57.105 Motion was served only on the date appearing in the filed motion's certificate of service.

Because the general magistrate's factual finding was supported by competent substantial evidence, it was error for the trial court to reject this factual finding. Rodriguez, 112 So. 3d at 673-74.

### C.  Merits of Lopez's section 57.105 motion

Having concluded that the general magistrate's finding that Lopez complied with section 57.105's safe harbor provision is supported by competent substantial evidence, we address the somewhat more difficult issue of whether the facts support the imposition of section 57.105 sanctions against DOR.

Section 57.105(1)(a) reads, in relevant part, as follows:

---

[7] We note that a preferred practice would be a plain reference to any prior service of the motion in the certificate of service at the time of filing.

10

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . on any claim . . . at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim . . . when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim. . . .

§ 57.105(1)(a), Fla. Stat. (2013).

While the trial court's order cited one case for the general proposition that DOR's claim was "based on good faith,"[8] and cited several cases supporting the conclusion that "the Court found a justiciable issue,"[9] it appears that the trial court did not conduct the necessary factual inquiry mandated by the statute: determining whether DOR's paternity claim against Lopez was supported by the material facts necessary to establish DOR's claim.[10]

The only record evidence as to why Lopez was served with DOR's petition in this case is that his name was chosen from the phone book in some random

---

[8] Stevenson v. Rutherford, 440 So. 2d 28 (Fla. 4th DCA 1983).

[9] Berman and Feldman v. Winn Dixie, Inc., 684 So. 2d 320 (Fla. 4th DCA 1996); Eisman v. Ross, 664 So. 2d 1128 (Fla. 3d DCA 1995); Greenberg v. Manor Pines Realty Corp., 414 So. 2d 260 (Fla. 4th DCA 1982).

[10] It appears that the trial court might have mis-applied the law. In 1999, the Legislature amended section 57.105 to replace a "justiciable issue" inquiry with an inquiry into whether the claim either "[w]as not supported by material facts to establish the claim" or "[w]ould not be supported by the application of the then-existing law to those material facts." § 57.105(1)(a) and (b), Fla. Stat. (2013). See e.g., Forfeiture of 100,000 Euros v. Miami-Dade Police Dep't, 3D14-393 (Fla. 3d DCA April 8, 2015).

11

fashion. No doubt Lopez shared the same first and last names of the intended respondent in DOR's petition. The record reflects, however, that DOR was made aware that it served the wrong Lopez by virtue of both Lopez's March 7th letter and Lopez's March 7th Verified Motion.  DOR's receipt of these documents, coupled with it being served with Lopez's request for production (seeking records supporting DOR's service of process on Lopez), plainly put DOR on notice – well within the 21-day safe harbor period – that DOR had served the wrong Lopez.

Yet, no facts in the record support DOR's persisting in its prosecution of the wrong Lopez for six months beyond its being served with Lopez's 57.105 Motion. At the evidentiary hearing before the general magistrate, DOR presented no evidence whatsoever that would "support the material facts necessary to establish" DOR's claim against Lopez. In its briefing and in oral argument to this Court as well, DOR was unable to identify any fact supporting its continued prosecution of its paternity case against Lopez.

DOR makes the compelling policy argument that, if it were to dismiss every man who denied paternity, the foundation of its statutory obligation to recover support payments for children would be eroded. DOR argues that typographical errors and other mistakes happen in the identification process, and holding DOR responsible for attorneys' fees when it inadvertently serves someone with the same

name of, or similar name to, the intended respondent would frustrate DOR's statutory obligations.

We certainly agree that the statutory function DOR serves is critical. In this case, however, the trial court is bound by the factual record developed before the general magistrate, and factual findings made by the general magistrate can be disturbed only if those factual findings are not supported by competent substantial evidence. On this record, the trial court did not make, nor presumably could not have made, a factual determination that DOR's claim against Lopez was supported by any material facts.

Therefore, we reverse the order on appeal because the general magistrate's factual findings are supported by competent substantial evidence, and because the record is devoid of any facts that would support DOR's continued prosecution of its case against Lopez.

### D. *Lopez's December 10, 2013 Motion Seeking Additional Fees*

Finally, we address whether Lopez is entitled to fees incurred after the December 10, 2012 evidentiary hearing before the general magistrate. Lopez made this request for fees in his December 10, 2013 Continuing Motion For Fees and Costs (essentially seeking fees incurred related to litigating DOR's Exceptions).

Lopez argues that all fees incurred related to DOR's improper paternity action against him should be recoverable. In other words, because DOR's

13

Exceptions were factually intertwined with Lopez's initial 57.105 Motion, fees incurred opposing DOR's Exceptions are recoverable if there is justification for the initial 57.105 Motion.

DOR argues, to the contrary, that section 57.105 provides a mechanism for parties to recover fees based on distinct claims and defenses deemed meritless. DOR asserts that, because DOR's paternity claim against Lopez ended on October 16, 2012 (i.e., when the trial court granted DOR's motion to quash service of process on Lopez), it was incumbent upon Lopez to file a separate and distinct section 57.105 motion – to comply with section 57.105(4)'s safe harbor provision – directed toward DOR's Exceptions. Thus, DOR argues that, for the purposes of section 57.105, DOR's paternity claim against Lopez was separate and distinct from DOR's Exceptions.

We agree with Lopez that DOR's Exceptions proceed from the same factual source as Lopez's underlying 57.105 Motion. DOR's Exceptions simply continue the parties' dispute. Because DOR's Exceptions were inextricably intertwined with Lopez's 57.105 Motion, it was not necessary for Lopez to serve and file a separate 57.105 motion in order to obtain fees in defending the general magistrate's Report and Recommendations on the exact same 57.105 Motion Lopez had previously served and filed. Cf. Lago v. Kame By Design, LLC, 120 So. 3d 73, 75 (Fla. 4th DCA 2013) (holding that a subsequent section 57.105 motion that raises an

14

argument not raised in the initial section 57.105 motion must comply with the "safe harbor" provision).

Therefore, we reverse that part of the Order on appeal that denied Lopez those additional attorney's fees incurred by Lopez defending against DOR's Exceptions.

### III. Conclusion

We reverse the trial court's order and remand the case to the trial court to enter an order approving the general magistrate's Report and Recommendations. We also reverse that portion of the trial court's order denying Lopez's December 10, 2013 motion for continuing fees, and remand for a determination of the amount of fees to which Lopez is entitled for litigating DOR's Exceptions.

Reversed and remanded.

LOGUE, J., concurs

15

WELLS, J., concurs.

I concur but write separately to clarify the reason I believe reversal is appropriate in this case. "[A]n award of attorneys fees under § 57.105 may not be grounded solely on a technical error." See Disposall Inc. v. Wilson, 547 So. 2d 1299, 1300 (Fla. 5th DCA 1989). Thus, a party generally would not be entitled to fees pursuant to section 57.105, Florida Statutes (2015), for its good faith misidentification of an opposing party, even where the underlying investigation leading to that identification was indicated in some fashion to be "negligent." Having been made aware of that "misidentification" and not timely investigating and rectifying that error, however would make an award of fees pursuant to section 57.105 appropriate. Because that is what occurred in this case, I concur in concluding that the order under review should be reversed.

On March 12, 2012, Mr. Lopez filed his VERIFIED MOTION FOR SCIENTIFIC PATERNITY TESTING, TO DISMISS PETITION SERVED UPON HIM. AND FOR ATTORNEY'S FEES AND COSTS, stating:

> 2. Guillermo **D.** Lopez denies ever having had a sexual relationship with the Petitioner, and further states that he has never even met the Petitioner.

Additionally, on June 4, 2012, Guillermo J. Lopez filed an action to establish his paternity of the same child. Notwithstanding appellant's denial that

he had ever even met the Petitioner, and this subsequent effort by another Guillermo Lopez to establish his paternity, the DOR proceeded with its action against appellant until October 16, 2012, when it filed its motion to quash service of process, stating:

> 3. GUILLERMO LOPEZ, living at [identifying Guillermo D. Lopez's address] is not the correct person. The Petitioner has verified that the wrong man was served.

Section 57.105(1)(a) provides for the award of fees when the claim asserted is "not supported by the material facts necessary to establish the claim or defense."

Once the DOR was made aware of appellant's claim of misidentification, the DOR should have investigated that assertion, discovered the error, and dismissed its case. See Montgomery v. Larmoyeux, 14 So. 3d 1067, 1073 (Fla. 4th DCA 2009) (concluding plaintiffs knew or should have known that their claims were not made in good faith, warranting an award of attorney fees as a sanction); Moral Majority, Inc. v. Broward County Chapter of Nat. Organization for Women, Inc., 606 So. 2d 630, 630 (Fla. 4th DCA 1992) (concluding prevailing defendants were entitled to award of reasonable attorney fees, where there was not a scintilla of evidence to support plaintiffs' allegations). The record demonstrating the DOR action proceeded against Guillermo D. Lopez for some six months, I join in concluding that reversal is appropriate. The trial court should have approved the

17

General Master's Report and Recommendations, and the case should be reversed and remanded for that reason.