# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1280
Lower Tribunal No. 14-1451
_____


**Nadyne Mata,**
Appellant,

vs.

**Angel R. Mata,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

AV Professional Association, and Alba Varela, for appellant.

Angel R. Mata, in proper person.


Before FERNANDEZ, LOGUE, and SCALES, JJ.

LOGUE, J.

A general magistrate issued a report recommending that Angel R. Mata ("former husband") pay $5,500 per month in temporary alimony to Nadyne Mata ("former wife") and $733.14 per month in child support. On reviewing exceptions to the general magistrate's report filed by the former husband, the trial court rejected the general magistrate's recommendation.

"Once a trial court appoints a magistrate to take testimony and make findings, it loses the prerogative of substituting its judgment for that of the magistrate." Cerase v. Dewhurst, 935 So. 2d 575, 578 (Fla. 3d DCA 2006). "In such instances, a trial court reviewing a magistrate's findings and recommendations takes on a role similar to that of an appellate court reviewing a trial court's actions." Rodriguez v. Reyes, 112 So. 3d 671, 673 (Fla. 3d DCA 2013). If exceptions to the magistrate's report have been filed, "a trial court reviews the record to determine whether the magistrate's factual findings and conclusions are supported by competent substantial evidence, and whether the magistrate's legal conclusions are clearly erroneous or whether the magistrate misconceived the legal effect of the evidence." Id. (quotation and citation omitted).

In this case, competent, substantial evidence supported the magistrate's findings, including the income it imputed to the former husband based on the former wife's unrebutted testimony regarding his historical earnings. See Ghay v. Ghay, 954 So. 2d 1186, 1190 (Fla. 2d DCA 2007) ("[T]he Florida Supreme Court

2

and other district courts have suggested that a presumption arises from a spouse's historical earnings that supports a finding the spouse can continue to earn the same amount, absent evidence to the contrary.") (citing Garfield v. Garfield, 58 So. 2d 166, 167 (Fla. 1952); Seitz v. Seitz, 471 So. 2d 612 (Fla. 3d DCA 1985)). We therefore reverse the trial court's decision and remand for further proceedings consistent with this opinion. Rodriguez, 112 So. 3d at 674.

     Reversed and remanded.