# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1292
Lower Tribunal No. 08-40150

_____

**Merfe Construction Corp.,**
Appellant,

vs.

**Mirtha Morales,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Law Office of Michael Garcia Petit, P.A., and Michael Garcia Petit (Miramar), for appellant.

Louis C. Arslanian (Hollywood), for appellee.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

"A trial court's denial of a motion for attorney's fees under section 57.105 is reviewed for abuse of discretion." Frischer v. Quintana, 151 So. 3d 491, 492 (Fla. 3d DCA 2014). While Appellee unsuccessfully argued that issues with the deficiency judgment and underlying foreclosure judgment rendered the judgments void, as opposed to voidable, these arguments were "not so entirely devoid of merit that the trial court's decision to decline to award fees rose to the level of an abuse of discretion." Id.

"Where there is an arguable basis in law and fact for a party's claim, a trial court may not sanction that party under section 57.105. Courts must apply section 57.105 'with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting a chilling effect on use of the courts.'" Minto PBLH, LLC v. 1000 Friends of Fla., Inc., 228 So. 3d 147, 149 (Fla. 4th DCA 2017) (internal citations omitted). Merely losing a case is not a basis for sanctions under section 57.105. See MC Liberty Express, Inc. v. All Points Servs., Inc., 252 So. 3d 397, 404 (Fla. 3d DCA 2018); Cullen v. Marsh, 34 So. 3d 235, 242 (Fla. 3d DCA 2010).

Affirmed.