# Third District Court of Appeal

## State of Florida

Opinion filed July 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0551
Lower Tribunal No. 21-9357-FC-04
_____

**Dayami Rodriguez Rodriguez,**
Appellant,

vs.

**George Gonzalez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Lubell & Rosen, LLC, and Norman S. Segall, for appellant.

Kelley Kronenberg, and Aislynn Thomas-McDonald and Brittany N. Miller, for appellee.

Before LOGUE, LINDSEY and BOKOR, JJ.

BOKOR, J.

After an evidentiary hearing, a general magistrate issued a report and recommendation on the Father's petition to modify a parenting plan. The Mother timely moved to vacate the report and recommendation. Upon review, the trial judge entered an order vacating the general magistrate's report and recommendation, identifying a lack of competent substantial evidence to support certain factual findings and the incorrect application of legal standards on other issues. The Father moved for reconsideration on the basis that the trial judge "must enter the order promptly unless the court finds that the recommended order is facially or legally deficient." Fla. Fam. L. R. P. 12.490(e)(3). Upon reconsideration, the trial judge vacated its order vacating the report and recommendation, concluding that the report and recommendation wasn't "facially or legally deficient." But in the same order, the trial court explicitly reaffirmed the rationale of its original order. The Mother appealed.[1]

This court has explained that if "exceptions to the magistrate's report have been filed, a trial court reviews the record to determine whether the magistrate's factual findings and conclusions are supported by competent substantial evidence, and whether the magistrate's legal conclusions are

_____

[1] We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iii)b. The Mother sought an expedited appeal, which this court granted.

2

clearly erroneous or whether the magistrate misconceived the legal effect of the evidence." Mata v. Mata, 185 So. 3d 1271, 1272 (Fla. 3d DCA 2016) (quotation and citation omitted). "In such instances, a trial court reviewing a magistrate's findings and recommendations takes on a role similar to that of an appellate court reviewing a trial court's actions." Rodriguez v. Reyes, 112 So. 3d 671, 673 (Fla. 3d DCA 2013). Here, the trial court's order on the motion for reconsideration, which reaffirmed the rationale of the original order sustaining the objections, suggests it may have used too deferential a standard. We therefore reverse and remand for consideration of the correct standard to evaluate the motion to vacate the magistrate's report and recommendation. We take no position on the ultimate outcome.

Reversed and remanded.